516        APPELLATE COURTS OF ILLINOIS.

Pinckovitch v. South Side Elevated R. Co., 211 Ill. App. 516.

## Jacob Pinckovitch, Appellee, v. South Side Elevated Railroad Company, Appellant.

### Gen. No. 24,166.

1. FALSE IMPRISONMENT, § 28*—*when shown that employee had authority to cause plaintiff's arrest.* In an action for false imprisonment, evidence *held* sufficient to sustain a finding that a certain employee of defendant signed the information and caused plaintiff's arrest and that he acted in the scope of his employment in so doing.

2. MUNICIPAL COURT OF CHICAGO, § 14*—*when interrogatories and answers are part of record.* Interrogatories and answers thereto taken by plaintiff under section 32 of the Municipal Court Act (J. & A. ¶ 3344), when read in the presence and hearing of the jury to supply a defect in proof pointed out by defendant and to meet the court's ruling on the objection, become a part of the record and proceedings in the case, even though they are not formally tendered in evidence.

3. FALSE IMPRISONMENT, § 30*—*when instruction is not misleading.* In an action for false imprisonment, alleged to have resulted from the act of defendant's employee, an instruction by the court of its own motion, that if the jury find from the evidence that such employee did not arrest plaintiff nor cause his arrest and was "not the procuring cause of the arrest," then they would have no occasion to consider the question of damages, *held,* when read in connection with the other instructions, not to be misleading.

Appeal from the Municipal Court of Chicago; the Hon. SAMUEL H. TRUDE, Judge, presiding. Heard in this court at the March term, 1918. Affirmed. Opinion filed July 1, 1918. Rehearing denied July 12, 1918.

GARDNER, FOOTE & BURNS, for appellant; WILLIAM A. MORROW, of counsel.

WALTER A. ROONEY, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

In an action for false imprisonment there was a verdict and judgment for $400 and defendant appeals.

Plaintiff was arrested on a charge of knowingly receiving stolen property of which defendant was the owner, and on a hearing before a committing magistrate was discharged and the prosecution thus ended.

Plaintiff was arrested without a warrant. Following the arrest one John W. Mitchell filed an information charging that plaintiff did unlawfully, etc., buy, receive and aid in concealing 41 pounds of sheet copper of the value of $15, the property of defendant.

Plaintiff was arrested on the street, taken to the police station in a patrol wagon and put in a cell in which he was kept until the next day, when he was released on bail.

At the conclusion of plaintiff's case defendant moved for an instructed verdict, which was denied, defendant declining to put in any evidence or defense, the case went to the jury on the proofs made by plaintiff.

The whole case hinges on whether Mitchell was acting within the scope of his employment as an agent of defendant when he caused plaintiff's arrest and made the information charging plaintiff with having received the property stolen from defendant with knowledge of that fact.

It is also contended that there is no evidence that Mitchell signed the information. An examination of the record convinces us that there was evidence of sufficient probative force from which the jury might reasonably find that Mitchell not only signed the information and caused plaintiff's arrest, but that in so doing he was acting within the scope of his authority as an agent and employee of defendant.

Defendant insists that interrogatories and the answers thereto taken as provided by section 32 of the Municipal Court Act (J. & A. ¶ 3344) are not evidence upon the trial unless offered in evidence. Liter-

ally this insistence is well taken as matter of law, but such insistence is not supported by the facts before us. On one of plaintiff's witnesses being asked to state a conversation by Mitchell, who it was claimed was defendant's agent, counsel for defendant objected on the ground that such agency had not been proven. Thereupon counsel for plaintiff, addressing the court in the presence of the jury, in answering this objection said, "I have asked interrogatories. They are directed against the South Side Elevated Railroad Company and answered by Mr. M. J. Feron, general superintendent of transportation," and proceeded to read therefrom, in the presence of the court and jury, as follows:

"Interrogatory 1. Did you have in your employ one John W. Mitchell, during the months of January and February, 1917?"

This was answered affirmatively. Then this question and the answer thereto were read:

"Q. What were the duties of John W. Mitchell, your employee, during the months of January and February? A. The duties of the said John W. Mitchell were to care for and protect the property of the defendant and to assist in the control and regulation of the conduct of the passengers riding upon defendant's trains and in and about its stations.

"Q. Is John W. Mitchell at present in your employ? A. Yes."

The effect of this testimony is not seriously in dispute but it is contended that because counsel did not use some such words as "I offer these interrogatories and answers in evidence," or words of like import, that they are not in the case.

We cannot agree to any such contention. These interrogatories and answers were read in the presence and hearing of the jury to supply a defect in proof pointed out by defendant's counsel and to meet the ruling of the judge on that objection. We think such

reading not only placed the matter read before the court and jury, but that the same thereby became a part of the record and proceedings in the case.

The rule contended for by defendant is highly technical and without merit, and if heeded would simply tend to defeat justice instead of promoting it. This proof was as effectually before court and jury as it possibly could have been if formally offered. It was in fact both offered and received and the use of particular words in making the offer was a nonessential. The essential matter was that the court and jury should hear it as evidence, and this they did.

The court gave the jury, among others, without being requested so to do by either party, the following instruction:

"The court instructs the jury that if you find from the evidence in the case that Mitchell did not arrest nor cause the arrest of the plaintiff and that he was not the procuring cause of the arrest, then you will have no occasion to consider the question of damages."

Defendant insists that this instruction was erroneous because, it contends, it in effect told the jury that Mitchell was not only the agent of defendant, but that he was duly authorized to act for defendant and, if he actually caused the arrest, to bind defendant, and that the use of the words "procuring cause of the arrest" was misleading and confusing to the jury.

We are unable to so consider this instruction. It was not, in our judgment, harmful to defendant, as in the event the jury found that Mitchell was not the procuring cause of the arrest of plaintiff, etc., they would have no occasion to consider the case further. This was, we think, favorable to defendant and did not carry with it any such inference as urged by defendant's counsel. This instruction must be read in connection with all the others given to the jury; so doing, we find nothing misleading in the instructions

as a whole, but on the contrary think that the jury were fairly and correctly instructed upon the law of the case.

The evidence of plaintiff in the case, uncontradicted as it is, is sufficient to sustain the finding of the jury and the award of damages by it made.

There is no error in this record justifying a reversal of the judgment of the Municipal Court, and it is therefore affirmed.

*Affirmed.*